*164 The opinion of the court was delivered by
Brewer, J.:

1.Judgment in replevin.

2.Modifying judgment; motion.

Two questions are in this case. The action in the district court was one of replevin. The property had been delivered to the plaintiff. The verdict was for the defendants. The judgment entered was, that the defendants recover their costs. At the same term, on motion of defendants, the judgment was modified so as to include a return of the property. Upon the verdict the defendants were entitled to such a judgment. (Kayser v. Bauer, 5 Kas., 211.) A failure of the jury to find the value did not invalidate the verdict or prevent a judgment for the return. (Marix v. Franke, 9 Kas., 132.) The court had the power upon motion to modify the judgment. (Code, §§ 568, 569.) The grounds for the modification are not disclosed in the motion, nor the record; and we must.therefore presume them sufficient. How the error in the judgment happened, we are 'not informed, and must therefore presume it was from a mistake or omission of the clerk, which the court had power to correct by motion. Both parties appeared, and were heard by counsel on the motion. No advantage was therefore taken, and no error is apparent in the ruling.
3.Declarations of vendor. The other question arises on the overruling of a motion for a new trial. The motion was on the ground that the verdict was against the evidence, and contrary to law. The whole testimony is before us. From this, it appears that defendants had possession of the property at the commencement of the suit: that in or after August 1872, they obtained it for value, from one John Wester, without notice of any prior claim. As against this, which was prima faeie evidence of title, the plaintiff offered a contract signed by plaintiff and John Wester, and dated November 4th, 1871, which purported to be a lease by plaintiff to Wester, with the privilege of purchase, but reserving the title and the right to resume possession. Other than this instrument, there was no testimony tending to show that *165 plaintiff ever had any possession or ownership of the property, or that Wester ever had possession before the middle of August 1872; nothing , to show that Wester got possession from plaintiff, or had ever paid him or anybody else anything. This agreement was the sole evidence of possession or title in the plaintiff. We do not think the court erred in overruling the motion for a new trial. It is unnecessary to determine the character and effect of such an instrument,, or what would be the rights of the parties to it, because, as against these ■defendants it furnishes no proof that plaintiff ever held possession or title, or transferred either to Wester. It was admissible only as a declaration by the vendor of defendants, qualifying his title. Such a declaration, to become evidence, must have been made by that vendor while holding possession. A declaration before he received, as well as one after he parted with his interest, is inadmissible. The defendants’ rights cannot be affected by any declaration of Wester made long prior to his recognized possession or title, to the property. Pocock v. Billing, 2 Bingham, 269; 1 Phillips on Ev., 314; Plant v. McKwen, 4 Conn., 544; Burton v. Scott, 3 Rand, 399; 2 Smith’s Leading Cases, 391. Such a declaration, if made while the grantor or vendor is in possession, is not necessarily conclusive. It does not cut off investigation, or prevent a verdict. It is rejected altogether in regard to personal property in New York, and everywhere as respects negotiable paper.
The judgment of the district court will be affirmed.
All the Justices concurring.