No. 7613.

BALLIETT *v.* HUMPHREYS.

FIXTURES.—*Evidence.—Stave Machine.—Grist Mill.—Line Shaft.—*In an action of replevin for possession of a stave machine, consisting in part of a line shaft connecting it with a grist mill, evidence tending to show that the machine was set up under an adjoining shed, so that by means of belting it could be run by the steam engine in the mill; that the line

Balliett v. Humphreys.

shaft was hung from joists in the mill, and that the rest of the machine was not attached to the real estate, justified a finding that the line shaft was personal property.

SAME.—*Circuit Court.—Justice of the Peace.—Title to Real Estate.—Jurisdiction.*—In such case, objection under section 11, 2 R. S. 1876, p. 607, that the justice of the peace had not jurisdiction of the action, because the title to lands came in question, ceased to be an objection when the cause reached the circuit court, on appeal.

SAME.—*Pleading.—Practice.*—In such case, in the circuit court, under section 34, 2 R. S. 1876, p. 612, the defendant, without plea, was entitled to show that the articles sued for as personal property were fixtures.

SAME.—*Instruction.*—In such case, the trial court correctly refused to instruct that if the shaft was bolted on and fastened securely to the joists of the mill, it was a part of the real estate on which the mill was situate.

PRACTICE.—*Motion in Arrest.*—A motion in arrest of judgment reaches only such defects as are apparent on the face of the record, not cured by the verdict or a statute of amendments, or waived by failure to demur.

SAME.—*Costs.—Justice of the Peace.—Circuit Court.*—Under section 70, 2 R. S. 1876, p. 627, a judgment in the circuit court for the recovery of property sued for and eight dollars damages will not entitle the defendant to costs, against whom judgment before the justice was simply for the recovery of the property and costs. Reduction of the judgment must be ascertained by a comparison of the judgments, and not the verdicts.

From the Whitley Circuit Court.

*C. Clemans* and *A. G. Clemans,* for appellant.
*T. R. Marshall* and *W. F. McNagny,* for appellee.

NIBLACK, J.—This was an action of replevin by Hannah Humphreys against David Balliett for the recovery of a stave machine, consisting of a line shaft, some belting, an equalizer and a bucker. The action was commenced before a justice of the peace of Kosciusko county, where there was a judgment in favor of the plaintiff. The defendant appealed to the circuit court of that county, from which a change of venue was taken to the court below. The cause being at issue and ready for trial in the last named court, the defendant asked leave to file an answer, averring that the articles of property described in the complaint were fixtures, and belonged to, and were a part of, certain real estate upon which a grist mill was situate; that in consequence the title to real estate would be put in issue, and

that, as the cause was commenced before a justice of the peace, the court had no jurisdiction of the action; but leave to file such an answer was refused. There was a verdict for the plaintiff. Motions for a new trial, and in arrest of judgment, overruled, and judgment on the verdict. The defendant moved the court to tax the costs of the appeal against the plaintiff upon the alleged ground that the amount of the judgment had been reduced more than five dollars, but that motion was also overruled, and the defendant has appealed to this court from the judgment thus rendered against him.

The appellant complains that the court erred in refusing him permission to file an answer to its jurisdiction as set forth above, arguing that proof of the facts set up in his proposed answer would have shown a want of jurisdiction in the court to try the cause.

We are unable, however, to see that the appellant was injured by the exclusion of the answer he asked leave to file. In the first place, he was entitled to show that the articles of property sued for were fixtures, without specifically pleading that fact in defence, that constituting a question which went to the merits of the action. 2 R. S. 1876, p. 612, sec. 34. In the next place, it was no objection to the jurisdiction of the court that the title to real estate would become an issue at the trial. Such an objection, if it had been properly made before the justice, would have required him to certify the cause to the circuit court of his county; but, even then, its force and effect would have been expended when the cause reached the circuit court. 2 R. S. 1876, p. 607, section 12.

The appellant, also, complains that the court erred in overruling his motion for a new trial.

First. Because the verdict was not sustained by the evidence.

Secondly. Because the court improperly refused to give an instruction prayed for by him.

The appellant argues that the evidence showed the line shaft to have been permanently attached to an adjacent grist

mill, and hence a fixture not recoverable in an action of replevin.

There was evidence tending to show that the machine in controversy was set up in 1869, under a shed adjoining a steam grist mill, as portable machinery, so that by means of belting attachments it could be run by the engine in the mill; that the line shaft was fastened to hangers which were bolted to joists in the mill, so as to make it effective for the purposes for which it was used; that the remaining articles constituting the machine were not in any way attached to the realty where they were used.

Upon this evidence the jury were justified in finding, as under the instructions of the court they in effect did, that the line shaft was personal property.

The instruction, which the court refused to give, asked the court in substance to say to the jury that if the line shaft was bolted on, and securely fastened to, the joists of the mill, they ought to find that it was a part of the real estate on which the mill was situate, and hence not an article of property for which an action of replevin could be maintained.

This instruction was correctly refused:

First. Because the purposes for, and the circumstances under which, the line shaft was fastened to the mill were a proper subject of inquiry for the jury.

Secondly. Because the subject-matter of the instruction was fully covered by instructions given, upon its own motion, by the court.

The motion in arrest of judgment was based upon the ground that the evidence showed the line shaft to have been a fixture, and consequently not subject to recovery in an action of replevin, and the decision of the court overruling that motion is also complained of as erroneous.

But no question was raised upon the evidence by the motion in arrest of judgment. All questions arising upon the evidence had been presented by, and settled upon, the motion for a new

trial, and hence were adjudicated questions when the motion in arrest was interposed.

A motion in arrest of judgment reaches only such defects as are apparent on the face of the record, and as are not cured by the verdict, or some statute of amendments, or waived by failing to demur. *Smith* v. *Dodds*, 35 Ind. 452; *Adamson* v. *Rose*, 30 Ind. 380.

The appellant further complains that the court erred in refusing to tax the costs of the appeal against the appellee. 2 R. S. 1876, p. 627, section 70.

At the trial in the circuit court the value of the property replevied was assessed at $30 less than it was found to be worth by the jury which tried the cause in the justice's court, and the appellant contends that this reduction in the assessed value of the property amounted, in legal effect, to a reduction of the judgment in the circuit court by that sum. It is, however, by a comparison between the judgments, and not between the verdicts, that we are to ascertain whether the judgment rendered by the justice has been reduced.

In this case the judgment before the justice was simply for the recovery of the property and costs of suit. The judgment in the circuit court was for the recovery of the property and $8 in damages.

With the record of these facts before us, we know of no principle upon which we could hold that the judgment before the justice was reduced in any amount by the judgment rendered in the circuit court.

The judgment is affirmed, with costs.