Bole *et al. v.* Newberger.

---

No. 8387.

## BOLE ET AL. *v.* NEWBERGER.

JUDGMENT.—*Mistake.*—*Error of Law.*—*Complaint.*—A complaint to correct a judgment for mistake, which does not show any mistake in the entry, but merely an error of law, is insufficient, and no relief can be granted thereon.

SAME.—*Sheriff's Sale.*—*Foreclosure.*—*Bona Fide Purchaser.*—*Notice.*—The order of sale on foreclosure of a mortgage is the sheriff's authority to sell, and if he sell to the plaintiff for the whole debt (the order being to make only a part) more of the mortgaged property than is directed by

the order, the latter is not a *bona fide* purchaser without notice of the irregularity, but of such sale the defendant may be relieved, and on his prayer the court may confirm title in the plaintiff to so much of the property as was directed to be sold, and adjudge the rest to the defendant.

SAME.—*Reformation of Judgment of Foreclosure.*—Where, on complaint to foreclose a mortgage to secure several instalments, the judgment directed the sale of a part of the lands mortgaged to make the amount of the instalments then due—being silent as to the instalments not due—and the sheriff sells the *whole* of the lands to the plaintiff, the latter can not by complaint, without showing that the judgment entered was other than the court intended, obtain its reformation; and it is doubtful whether he can, by an original suit, have any relief.

From the Grant Circuit Court.

*W. L. Lenfestey* and *J. H. Compton,* for appellants.
*A. Steele, R. T. St. John* and *L. Newberger,* for appellee.

ELLIOTT, C. J.—The material facts stated in the complaint of the appellee, who was the plaintiff below, are these: At the September term, 1877, of the Grant Circuit Court, the appellee instituted an action to foreclose a mortgage executed to him by the appellants, to secure the payment of four promissory notes, two of which were then due; the appellants did not appear to the action, and judgment was rendered against them upon default. The judgment was rendered for the sum due; the sum evidenced by the notes not due was stated in the decree, but the order was to sell sixty acres to satisfy the sum due, and no provision was made as to the sum not due. The mortgage described one hundred acres of land, but the decree directed that only sixty should be sold. The sheriff received a copy of the decree, and advertised and sold the one hundred acres described in the mortgage. Appellee was the purchaser; at the time of his purchase he received from the sheriff a certificate, and one year thereafter a deed. The prayer of his present complaint is that the judgment be reformed by inserting therein a provision for the issuing of a second execution, and that the sale made by the sheriff be set aside.

The complaint does not state facts entitling the appellee to

a correction of the decree entered in the foreclosure suit. A party who asks the reformation or correction of a judgment or decree must state such facts as show some material mistake. There are no facts stated fortifying the inference that there was any mistake in the decree rendered in the action upon the mortgage. It is not shown that appellee did not obtain just such a decree as he sought. As there was no appearance there was nothing to prevent him from obtaining a decree directing a sale of all the land, had such been the intention of the court. There is nothing to show that he intended that the decree should order the sale of all the property embraced in the mortgage, nor is there anything to show that the court did not intend that sixty acres and no more should be sold. For anything that appears, both the appellee and the court may have considered sixty acres as amply sufficient to satisfy the appellee's mortgage. At all events, there are no facts averred, from which it can be inferred that the court intended to enter any other decree than that which was entered upon appellee's own motion. A party who receives such a decree as he asks, and such as the court intended to grant him, can not have a reformation upon the ground of mistake. If the court was wrong in point of law, there is a remedy, but not such a remedy as that here adopted by the appellee.

A sheriff who sells upon a decree of foreclosure must sell the property therein described. The order of the court is the sheriff's authority. It is his duty to sell the property described in the decree issued to him. This much is plain. The effect of a departure from the order contained in the decree can not be allowed to injuriously affect the rights of the debtor, or those claiming through him. But this hardly meets the case now before us.

An execution plaintiff, who purchases at his own sale, is not a *bona fide* purchaser in such a sense as to entitle him to claim title free from infirmities arising from irregularities committed by the sheriff. Upon the contrary, it is well settled

that an execution plaintiff, who purchases at his own sale, is chargeable with notice of all irregularities. In *Meredith* v. *Chancey*, 59 Ind. 466, WORDEN, J., delivering the opinion of the court, said : " But it has long been settled in this State, that the plaintiff in an execution, purchasing the property at sheriff's sale, is chargeable with notice of all irregularities." *Sharpe* v. *Davis*, 76 Ind. 17; *Stotsenburg* v. *Same*, 75 Ind. 538; *Piel* v. *Brayer*, 30 Ind. 332; *Hamilton* v. *Burch*, 28 Ind. 233; *Keen* v. *Preston*, 24 Ind. 395; *Raub* v. *Heath*, 8 Blackf. 575; *Harrison* v. *Doe*, 2 Blackf. 1. The appellee was bound to know, and in contemplation of law did know, that the sheriff had no right to sell more than sixty acres. As the appellee, with full knowledge of all the facts, voluntarily placed himself in the position from which he now asks the court to extricate him, it is very doubtful whether he has made any case entitling him to relief. But we do not deem it necessary to place our decision upon the complaint, for the counter-claim of the appellants exhibits the case more fully than the complaint. This pleading admits the allegations of the complaint concerning the foreclosure suit and decree, avers that the one-hundred-acre tract was advertised and sold, that the appellees bid therefor the full amount of his mortgage, including principal, interest, and costs, and that he received a deed for one hundred acres, when he was entitled to a conveyance for only sixty acres. The prayer is that the appellee be decreed to be the owner of sixty acres, and that the remaining forty acres be declared free from the lien of said judgment and mortgage. We think that the counter-claim concedes to the appellee full as much, and perhaps more, than he is entitled to receive. If he can, as the counter-claim tenders him, secure title to sixty acres of land, he is receiving as much as by any possibility he can legally or rightfully obtain. With this he ought to be content. As the counter-claim expressly offers the appellee the sixty acres, the court may well adjudge it to him without stopping to enquire how

it would be if the appellant were resisting his right to any of the land.

Judgment reversed, with instructions to overrule the demurrer to the appellant's counter claim, and for further proceedings in accordance with this opinion.