Colchen v. Ninde et al.

Petition overruled.

Filed September 18, 1889.

## No. 13,887.

## COLCHEN v. NINDE ET AL.

ARREST OF JUDGMENT.—Motion.—Time of.Making.—A motion in arrest of judgment may not be made after judgment is rendered.

NEW TRIAL.—Motion for.—Judgment before Disposed of.—A motion for a new trial may be made at any time during the term at which the finding˜is announced, or on the first day of the succeeding term, where the finding is announced on the last day of a term, and a judgment rendered before such motion is disposed of is not final within the meaning of the statute regulating appeals.

SAME.—Vacating Judgment.—Absence of Formal Order.—Where a new trial is had and a new judgment is rendered, the effect is to vacate the previous judgment, although there may be no formal order setting it aside.

PLEADING.—Complaint.—Defects Cured by Verdict.—If a complaint states facts sufficient to bar another action for the same cause, it is sufficient after verdict to uphold the judgment, as the defects will be deemed cured.

SAME.—Striking Out.—Harmless Error.—There is no available error in striking out a paragraph of answer where the facts averred therein are admissible in evidence under another paragraph which remains in the record.

From the Adams Circuit Court.

C. J. Lutz, J. T. France and J. T. Merryman, for appellant.

R. S. Peterson and E. A. Huffman, for appellees.

Colchen v. Ninde et al.

· BERKSHIRE, J.—The appellees were the plaintiffs in the court below, and the appellant and one John W. Rout the defendants.

On the 6th day of March, 1883, the appellees, in the Adams Circuit Court, recovered a judgment against the said John W. Rout for·the sum of $400 and costs, and had filed their petition in another action pending in said court brought by one Bremerkamp against said Rout and another for the payment of said judgment out of certain moneys in the hands of the clerk of said court, claimed ·by one Lucy Rout, and in consideration that the appellees would dismiss their said petition, allow their said judgment vacated, and new issues joined in said cause, and another trial thereof, the said John W. Rout as principal and the appellant as surety executed the obligation sued on in this action.

The appellant filed an answer to the complaint, in three paragraphs, the first being the general denial.

The second and third paragraphs were stricken out on motion, and the proper exception reserved by the appellant, and thereafter there was a trial by the court and a finding in favor of the appellees in the sum of $491.24, which was, on the same day, followed by a proper judgment.

After the judgment was rendered, the appellant filed a motion for a new trial, which the court overruled, and then a motion in arrest of judgment, which was also overruled, and to the action·of the court in overruling the said motions the proper exceptions were taken.

There are five errors assigned, three of which, the first, third and fifth, present the same question, viz., that the complaint does not state facts sufficient to constitute a cause of action.

The appellees present a preliminary question which we will first dispose of before considering the errors assigned.

They contend that the motion for a new trial and in arrest of judgment came too late, not having been made until after the rendition of the judgment.

The point is well taken as to the motion in arrest of judgment. *Hansher* v. *Hanshew*, 94 Ind. 208, and cases cited. The motion for a new trial could be made at any time during the term at which the finding of the court was announced, or on the first day of the next term if the finding was announced on the last day of the preceding term. Section 561, R. S. 1881; *Secor* v. *Souder*, 95 Ind. 95. But until the motion for a new trial was disposed of the judgment preceding it was not final within the meaning of the statute regulating appeals. *New York, etc., R. R. Co.* v. *Doane,* 105 Ind. 92.

The objection which is raised to the complaint is, that there is no copy of the bond, which is the foundation of the action, filed with it. If the statute (section 362, R. S. 1881), which requires the original or a copy of the writing which is the foundation of the action to be filed with the complaint, is not complied with, the pleading will not be good as against a demurrer. But when the sufficiency of the pleading is called in question after verdict, by a motion in arrest or by error assigned in this court, a different rule prevails; all intendments are taken in favor of the pleading, and if facts sufficient are stated to bar another suit for the same cause of action, the verdict cures all other defects, and the complaint will be held sufficient to uphold the judgment. *Donellan* v. *Hardy,* 57 Ind. 393; *Balliett* v. *Humphreys,* 78 Ind. 388; *Sims* v. *Dame,* 113 Ind. 127; *Chapell* v. *Shuee,* 117 Ind. 481; *Laverty* v. *State, ex rel.,* 109 Ind. 217; *Smith* v. *Smith,* 106 Ind. 43; *Baltimore, etc., R. R. Co.* v. *Kreiger,* 90 Ind. 380.

But in this case the statute above was properly complied with, the bond was copied in full in the pleading.

The second error assigned is that the court erred in striking out the second and third paragraphs of the appellant's answer, and the fourth is that it was error to overrule the motion for a new trial.

The ruling of the court in striking out the second paragraph of answer not being discussed by appellant's counsel

in his brief, to that extent the second assigned error is waived.

The facts alleged in the third paragraph of the answer, so far as material, could have been proven under the general denial. There is, therefore, no available error because of the ruling of the court in striking out the answer. It seems that the court struck the answers out for another reason than the one we have suggested, but as the right result was reached the reasons therefor are unimportant.

The evidence discloses the following facts occurring after the execution of the bond, viz.: A trial of the cause of action recited in the bond and a finding and judgment for the appellees, the issuing of an execution upon the judgment to the sheriff of Adams county, and a return of *nulla bona* thereon, and a refusal of the judgment defendant to pay the execution, or to turn out property to satisfy it when called upon by the officer holding the writ.

The point is made that there is a failure of proof tending to show that the judgment first obtained was set aside, and the petition that had been filed dismissed. It nowhere appears that the petition was ever prosecuted any further after the execution of the bond, and it appears from all the evidence in the case that appellees never realized anything on account of the petition. But the principal thing with John W. Rout in executing the bond was to get rid of the judgment and to obtain a new trial, claiming, as he did, that he had a defence to a part of the cause of action.

It does not appear by direct evidence that the judgment originally obtained was formally set aside ; but it does appear that, after the execution of the bond, the cause was again tried, and the principal obligor afforded an opportunity to make his defence, and as the result of the last trial a new judgment was rendered. This had the effect to wipe out the first judgment, if it had not been done before. And, further, when the deputy sheriff went to Rout and demanded property, he did not, so far as the evidence discloses, make

any claim that the appellees had not complied with the conditions of the contract on their part.

We think there is no merit in this appeal, and the judgment is affirmed, with five per cent. damages and costs.

