Pursley *v.* Wickle.

---

No. 514.

## PURSLEY *v.* WICKLE.

JUDGMENT.—*Costs.*—*Motion to Modify.*—*Filed After Term.*—*When Judgment was Rendered.*—Where, in an action for damages on account of alleged fraud in the exchange of lands, judgment was rendered in favor of the plaintiff for one dollar and all costs, and a motion was filed after the close of the term at which the judgment was rendered, " to modify and correct the judgment," so that the recovery for costs would be for one dollar only, the motion was properly overruled. The power to amend judgments upon motion and notice after the close of the term at which they were rendered is allowed only for the purpose of making the record conform to the truth, not for the purpose of reviewing and changing the judgment actually rendered. The motion in the case at bar was not to amend the judgment for any clerical misprision, which may be done at any time when the record furnishes the means for so doing, but to so change the judgment that it would be essentially different from what it was pronounced, and different from what it was intended to be, so far as can be determined from anything disclosed in the record.

Pursley *v.* Wickle.

From the Howard Circuit Court.

*C. N. Pollard* and *J. F. Morrison,* for appellant.

*J. C. Blacklidge, W. E. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellee.

NEW, J.—On the 14th of November, 1885, in the Howard Circuit Court, the appellee, in an action against the appellant for damages on account of alleged fraud in the exchange of lands, recovered judgment for one dollar, as also for all costs by him laid out and expended not theretofore adjudged against him.

At the March term, 1890, of said court, the appellee filed what was entitled, and what was, in fact, a " motion to modify and correct" said judgment, so that the appellee's recovery of costs would be for one dollar only.

The appellant appeared to the motion and resisted the same.

The court, after considering the motion and hearing the evidence, overruled the motion, and the appellant excepted. The action of the court in overruling the motion, and the exception thereto, have been properly brought into the record by a bill of exceptions. The overruling of said motion has been assigned as error by the appellant. Other errors have been assigned by the appellant, but the conclusion we have reached renders it unnecessary to consider them.

Counsel for the appellant complain that in the rendering of the judgment in favor of the appellee for costs, and which it is now sought to modify, section 592, R. S. 1881, was disregarded. That section is as follows:

" In all actions for damages solely, not arising out of contract, if the plaintiff do not recover five dollars damages, he shall recover no more costs than damages, except in actions for injuries to character and false imprisonment, and where the title to real estate comes in question."

On the part of the appellee it is insisted that whatever may be said of the action of the court in its judgment for

costs, that judgment can not be now amended or modified upon the motion made by the appellant.

Relief may be granted in a proper case, under section 396, R. S. 1881, within the period named therein, where a judgment has been taken against a party through his mistake, inadvertence, surprise or excusable neglect, and a judgment may be reviewed under section 615, R. S. 1881, within the periods named therein for error of law appearing in the proceedings and judgment, or for material new matter discovered since the rendition thereof.

The present motion or proceeding is confessedly not under either either of these statutes. Indeed the time within which relief may be had under these statutes had expired before the motion to modify the judgment was made. Nor is it a suit in equity to set aside or vacate, in whole or in part, a judgment upon any of the grounds on which courts of equity will interfere to prevent the enforcement of judgments.

It is well settled that courts have the power to correct mistakes and supply omissions in their records whenever and wherever the records supply the means of making such corrections or supplying such omissions. *Miller* v. *Royce*, 60 Ind. 189; *Reily* v. *Burton*, 71 Ind. 118; *Chissom* v. *Barbour*, 100 Ind. 1; 1 Works Practice, sections 714, 715, 716, 1030, 1031.

This power is inherent and belongs to the court as such; it does not depend upon a statutory grant of jurisdiction. 1 Black Judgments, section 161; Freeman Judgments (3d ed.), section 71.

The authorities all hold that a court has plenary control over its orders, judgments and decrees during the term at which they are rendered. Nor is it only in respect to clerical misprisions or omissions that this power of amendment during the term may be exercised; it also extends to the errors of the court, for during the term the proceedings are in all respects *in fieri*.

Pursley v. Wickle.

And as regards mere clerical errors arising from misprisions of clerks, it is always in the power of the court, even after the close of the term, upon motion of one party and due notice to the other, to correct such errors where a showing is made in manner and form as required by law of what the correction should consist.

But in order to secure stability and reliability to the records of the courts and properly guard the rights of parties litigant rules of practice have grown up under the sanction and observance of the courts which impose important limitations on their power to modify or amend their own judgments.

The power to amend judgments upon motion and notice by making additions or elisions on account of clerical errors after the close of the term at which the judgment was rendered is allowed only for the purpose of making the record conform to the truth, not for the purpose of revising and changing the judgment actually rendered. The only purpose of the amendment in such cases is to make the record conform to the very judgment pronounced by the court; to set right the record and make it speak the truth, so that clerical errors shall not misrepresent what was in fact the action of the court. The rendition of a judgment and the entry of it are different and distinct from each other. The former is the action of the court, while the latter is the act of the clerk of the court.

Amendments of the kind we are speaking of are not allowed as a means of incorporating into a judgment a mere after-thought nor as a means of modifying or enlarging the judgment, so that it shall express something which the court did not do, even though the proposed amendment embraces matter which should have entered into the judgment of the court.

Amendments upon such motions are not permitted to perform the office of appeal or writs of error, or as a method of

reviewing the judgment, correcting judicial mistakes or substituting a judgment for the one in fact rendered. Ample provision has been made by the code for the correction of judicial errors in most cases. See Black Judgments, sections 153 to 160; Freeman Judgments (3d ed.), section 69 to section 102; *Bole* v. *Newberger*, 81 Ind. 274; *Hickman* v. *Fort Scott*, 141 U. S. 415; *Goucher* v. *Patterson*, 94 Ill. 525; *Merrill* v. *Shirk*, 128 Ind. 503.

The appellant's motion is not to reform or amend the judgment as to what " seemeth to be misprision of the clerk therein." On the contrary, the plain purpose of the motion is to so change the judgment that it shall be essentially different in substance from what it was as pronounced and different from what it was intended to be, so far as can be determined from anything disclosed in the record before us.

We have examined the evidence, also, and it does not appear therefrom that there were any clerical errors in the entry of the judgment. For aught that is shown by the evidence, the entry as made conformed to what the court intended the judgment to be.

We find no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed, with costs.

Filed April 14, 1892.