## JOHNSON v. FOREMAN ET AL.

[No. 3,015.    Filed February 13, 1900.]

APPEAL.—*Time of Taking Appeal.*—An appeal taken within one year from the date of the modification of the judgment, but more than one year from the rendition of the original judgment, is in time. *p. 94.*

JUDGMENTS.—*Modification.—Subsequent Term of Court.*—A judgment was rendered giving plaintiff a lien on a certain building and upon defendant's leasehold interest in the land upon which it was situated, and ordered that the lien be foreclosed as to the building, and that the purchaser be granted the right to remove the building. At a subsequent term of court the judgment was modified by making the lien upon the leasehold interest, and not upon the building, and striking out that part of the decree ordering the sale and removal of the building, and taxing defendant with the costs. *Held,* that the modification did not correct a mere clerical error, but materially changed the judgment of the court upon the law, and, being made at a subsequent term of court, was unauthorized and illegal. *pp. 93-96.*

From the Marion Superior Court.    *Reversed.*

*J. H. Kingsbury* and *Joseph Collier*, for appellant.
*Woodburn Masson* and *W. P. Reagan*, for appellees.

COMSTOCK, J.—Appellant as plaintiff brought this action to enforce a material man's lien upon a certain brick building, as well as upon the leasehold interest in the land upon which it was situated of appellee, John M. Foreman. Upon the trial the court rendered judgment, and ordered foreclosure of appellee Foreman's leasehold interest; that the lien be foreclosed as to the building; that the purchaser be granted the right to remove the building within ninety days from the date of sale. Appellee Foreman filed his motion for a new trial during the term at which judgment was rendered. This motion was overruled at the following (October) term. At the December term, 1897, appellee Foreman filed his motion to modify the original decree, which motion was, at the January term, 1898, sustained. The decree was modified

by striking out the following: "And the court further finds that the real estate is not subject to plaintiff's said lien, but that the building thereon is subject thereto, and is susceptible to removal; that plaintiff's said lien thereon should be foreclosed, and said building sold to pay and satisfy the same, and that the purchaser at said sale shall be entitled to remove said building from said premises within ninety days from date of sale. * * * It is further ordered, adjudged, and decreed by the court * * * that the brick building situate thereon be sold to pay and satisfy the plaintiff's lien, and that the purchaser be authorized and empowered to remove said building within ninety days from the date of the sale,"—and in decreeing that the leasehold interest of appellee Foreman in the real estate on which the building was situate be sold to satisfy appellant's lien. The action of the trial court in sustaining this motion is the only error assigned upon this appeal.

Before entering upon a decision of the question, appellee asks this court to decide whether the appeal is within time. The judgment was rendered October 1, 1897. It was modified January 20, 1898. The appeal was perfected January 7, 1899, within one year from the date of the modification of the judgment, at which date the time for appeal began to run. *Pursley* v. *Wickle*, 4 Ind. App. 382, and authorities there cited.

It is argued by appellant (1) that the trial court had no authority to modify the original decree in the particular complained of after the term at which it was entered; (2) if it had authority, it was not properly exercised.

It is settled law in this State that courts have power to correct mistakes and supply omissions in their records whenever and wherever the records supply the means of making such corrections or supplying such omissions. *Pursley* v. *Wickle, supra; Miller* v. *Royce*, 60 Ind. 189; *Reily* v. *Burton*, 71 Ind. 118; *Chissom* v. *Barbour*, 100 Ind. 1. This power is inherent in courts. Black on Judg., §161; Free-

Johnson v. Foreman.

man on Judg. (3rd ed.), §71. During the term in which judgment is rendered, this power is not restricted to clerical misprisions or omissions, but to errors of the court, because during the term proceedings are in all respects *in fieri*. Clerical errors may be amended after the term at which judgment is rendered, for the purpose of making the record speak the truth, and not for the purpose of reversing a judgment. "An independent ruling or decision can not be created now for then." It will be observed that the modification of the judgment was made after the term at which it was rendered; that it did not correct a mere clerical error or omission, but materially changed the judgment of the court upon the law. This was error. *Pursley* v. *Wickle*, 4 Ind. App. 382; Elliott's Gen. Prac., §192.

Counsel for appellee refer to the familiar rule that all reasonable presumption will be indulged in favor of the ruling of the trial court, and insist that, as the evidence upon which it was made is not in the record, it will be presumed that the court had sufficient reason for modifying the decree. *Sumner* v. *Cook*, 12 Kan. 162; *Knight* v. *State*, 70 Ind. 375; Elliott's App. Proc., §725.

In *Sumner* v. *Cook, supra*, the modification was made at the same term the judgment was rendered. In *Knight* v. *State, supra*, it was made at an adjourned session, which the court held, in legal contemplation, to be the same term at which the judgment was entered. In Elliott's App. Proc., *supra*, the rule is stated and the foregoing cases are cited.

This motion asked the court,—(1) that the decree declare plaintiff's lien to be upon the leasehold interest of the defendant in said real estate, and not upon the building erected by him; (2) that that part of the decree taxing defendant with costs be stricken out; (3) that that part of the decree ordering the sale and removal of the building erected by this defendant be stricken out. The motion does not purport to ask the correction of a clerical error, but what was deemed a judicial error. The record does not disclose that any evi-

dence was heard. It states that "the court being sufficiently advised in the premises sustains" the motion. From the record, it is apparent that the modification did not correct a clerical error or omission. The presumption that the court, in modifying the judgment, corrected a clerical error, or supplied an omission, is thus overcome. We intimate no opinion as to the correctness of the original or the modified judgment.

Judgment reversed, with instructions to the trial court to overrule the motion to modify, and for other proceedings not inconsistent with this opinion.