## BLAEMIRE ET AL. *v.* BARNES ET AL.

[No. 21,470.  Filed March 17, 1910.]

1. APPEAL.—*Time for Taking.—Final Judgment.—New Trial.—* An appeal must be taken within one year from the rendition of judgment, but where a motion for a new trial is filed within the statutory period after the rendition of judgment, the appeal is properly perfected at any time within one year from the overruling of such motion.  p. 658.

2. APPEAL.—*Time for Taking.—Motions in Arrest of Judgment.—* A motion in arrest of judgment does not postpone the time for the taking of an appeal; and such motion is properly made only before the rendition of judgment.  p. 659.

3. APPEAL.—*Time for.—New Trial.—Arrest of Judgment.—*Where a judgment was rendered on April 30, 1908, a motion for a new trial was overruled on May 1, 1908, a motion in arrest of judgment was overruled February 26, 1909, and the transcript on appeal was filed on May 26, 1909, the appeal will be dismissed. p. 659.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Suit by Isabelle Blaemire and another against Lewis E. Barnes, as trustee of Hobart Township of Lake County and

another. From a judgment for defendants, plaintiffs appeal. *Appeal dismissed.*

*J. H. Conroy* and *Fred Barnett,* for appellants.
*Bozarth & Bozarth,* for appellees.

Monks, J.—The court below, after the trial of the cause on its merits, rendered judgment on April 30, 1908, at the March term of said court, against appellants, they being the plaintiffs. Appellants filed a motion for a new trial, and at said March term, on May 1, 1908, the court overruled said motion, to which ruling appellants excepted. No time was asked or given in which to file a bill of exceptions at said term of court. At the next term of said court, on May 11, 1908, the same being the first day of said May term, appellants filed a motion in arrest of judgment. At the January term, 1909, of said court, on February 26, 1909, the court below overruled said motion in arrest. Appellants at said time prayed an appeal to this court, and were given sixty days within which to file a bill of exceptions. Afterwards, on April 23, 1909, a bill of exceptions containing the evidence was presented to the judge of said court and signed by him on April 27, and filed in the clerk's office the same day. The transcript in this case was filed in this court on May 26, 1909, more than one year from April 30, 1908, the day the judgment was rendered, and more than one year from May 1, 1908, the day the motion for a new trial was overruled. Under §672 Burns 1908, §633 R. S. 1881, appeals to this court from a trial court must be taken within one year from the time the judgment was rendered. It has been

1. held by this court, however, under said statute, that when the motion for a new trial is filed after the judgment is rendered, but within the time allowed by law, that an appeal may be taken under said section within one year from the time judgment overruling the motion for a new trial is rendered. *New York, etc., R. Co.* v. *Doane* (1886), 105 Ind. 92; *Colchen* v. *Ninde* (1889), 120 Ind. 88.

Other motions will not have the effect of postponing the time for taking the appeal. Ewbank's Manual, §101; *Joyce v. Dickey* (1885), 104 Ind. 183.

It is evident that the motion in arrest of judgment made in this case did not postpone the time for taking the appeal, for the reason that said motion was not available and could not be considered, because not made until after the judgment had been rendered. *Hansher* v. *Hanshew* (1884), 94 Ind. 208, and cases cited; *Brownlee* v. *Hare* (1878), 64 Ind. 311; *Potter* v. *McCormack* (1891), 127 Ind. 439; *Smith* v. *State, ex rel.* (1894), 140 Ind. 343, 350, and cases cited.

It is clear that this case was finally disposed of upon its merits when the motion for a new trial was overruled on May 1, 1908, and as the appeal was not perfected within the year from that date by filing a transcript in the office of the clerk of this court the appeal must be dismissed.

The appeal is therefore dismissed.