## CHENOWETH v. CHENOWETH.

[No. 9,713. Filed January 30, 1917. Rehearing denied April 6, 1917.]

1. APPEAL.—*Time for Perfecting.*—*Effect of Motion to Modify.* —Where one against whom a judgment of divorce has been granted obtained a modification of it by the trial court striking out the provision for alimony and giving him the custody of a child, and after the time allowed by §672 Burns 1914, Acts 1913 p. 65, for perfecting appeals, he appealed from the remainder of the judgment, the appeal will be dismissed, since the motion to modify and the modification did not operate to extend the time of appeal from the original judgment. (*Johnson* v. *Foreman* [1899], 24 Ind. App. 93, distinguished.) p. 262.

2. APPEAL.—*Time for Perfecting.*—*Modification of Judgment.*— Where a judgment is modified in some material feature, such

modication is in effect a new judgment from which the party aggrieved may appeal, and, in such case, the time allowed for appeal is completed from the date of the modification.   p. 263.

From Marion Superior Court (99,564); *W. W. Thornton*, Judge.

Action by Blanche E. Chenoweth against Daniel A. Chenoweth. Judgment for plaintiff modified on defendant's motion, and defendant appeals from the remainder of the judgment. *Appeal dismissed.*

*Walker & Hollett,* for appellant.
*Charles W. Smith, Charles Remster, Henry W. Hornbrook* and *Albert P. Smith,* for appellee.

DAUSMAN, J.—Appellee instituted this action against appellant for divorce, alimony and the custody of their child. There was personal service on appellant. On September 15, 1915, he was defaulted and judgment was rendered, granting her a divorce and alimony in the sum of $5,000 and the custody of the child. On February 11, 1916, the court overruled his motion to set aside the default, and he then filed his motion to modify the judgment by striking out "the judgment for alimony" and that part of the decree giving her the custody of the child. On February 14, 1916, at a subsequent term, the court sustained his said motion to modify, and thereupon ordered and decreed that so much of the judgment as awarded the alimony and the custody of the child to appellee be annulled and set aside. The transcript was filed in the office of the clerk of this court on August 10, 1916. Appellee moves to dismiss on the ground that the appeal was not perfected within the time fixed by statute. §672 Burns 1914, Acts 1913 p. 65.

Appellant concedes that under the law as stated in. *Kurtz* v. *Phillips* (1916), 63 Ind. App. 79, 113 N. E.

1016, he could not have appealed from the action
1. of the court in overruling his motion to set aside
the default.   He further concedes that if his said
motion to modify had been overruled, then under the
law as stated in *Thomas* v. *Thomas* (1915), 61 Ind.
App. 101, 110 N. E. 573, he could have derived no ad-
vantage therefrom for the purpose of computing the
time allowed for an appeal from the original judgment.
But he contends that the action of the court in modify-
ing the judgment .brings him within the case of *John-
son* v. *Foreman* (1899), 24 Ind. App. 93, 56 N. E. 254,
and, therefore, that the statutory period within which
his appeal might be taken from the original judgment
should be reckoned from the day on which the modifi-
cation was made.

This contention cannot be sustained.   The case of
*Johnson* v. *Foreman, supra,* differs radically from the
case at bar.   The facts of the Johnson case are that
Johnson recovered judgment against Foreman; that
long afterward and at a subsequent term Foreman's mo-
tion to modify was sustained and the judgment was so
changed as to deprive Johnson of his substantial rights
as fixed by the terms of the original judgment; that
Johnson treated the motion to modify and the action of
the court thereon as a wholly independent proceeding,
from which he appealed; and that his appeal was enter-
tained.   In the case at bar the modification of the judg-
ment was by appellant's own procurement and was de-
cidedly favorable to him.   Apparently it relieves him
from a judgment in the sum of $5,000 and favors him
with the custody of his child.   To presume that appel-
lant is attempting this appeal for the sole purpose of re-
viewing the action of the court in modifying the judg-
ment would be preposterous.   However, there is no
occasion to indulge a presumption.   It appears from his
brief on the motion to dismiss and from his assignment

of error that in fact he is seeking to review only what is left of the original judgment. In this respect his case is like the case of *Joyce* v. *Dickey* (1885), 104 Ind. 183, 3 N. E. 252.

The rule is that where a judgment is modified in some material feature, such modification is in effect a new judgment, from which new judgment the party aggrieved may appeal; and in such case the time allowed for appeal is, of course, computed from the date of the modification. 3 C. J. 1050, §1047; *Thomas* v. *Thomas, supra; Atkinson* v. *Williams* (1898), 151 Ind. 431, 51 N. E. 721.

We hold that this appeal, being from the original judgment, and the transcript not having been filed within 180 days thereafter, cannot be entertained. Appeal dismissed.

NOTE.—Reported in 114 N. E. 988.