ILLINOIS SURETY COMPANY v. STATE OF INDIANA, EX REL.
A. AND C. STONE AND LIME COMPANY ET AL.

[No. 9,573.    Filed February 2, 1919.]

1. HIGHWAYS.—*Action on Contractor's Bond.—Evidence.—Sufficiency.*—In an action on a road contractor's bond to recover for material sold, where it appeared from the evidence that the contract provided that the material should be shipped to a certain point for use in the roads in question, and that it was so shipped, and where defendant, with full knowledge of the facts, testified, but did not contend, or produce any evidence to show, that any part of plaintiff's claim was for material not used in the roads designated in the contract and bond sued on, the trial court was justified in finding that the material for which recovery was sought was used in such roads. p. 453.

2. HIGHWAYS.—*Construction.—Claims for Material.—Filing.—Contractor's Bond.—Liability of Surety.*—Although one furnishing material to a road contractor may secure the claim therefor by filing it within thirty days with the board of county commissioners, pursuant to §§5901a, 5901b Burns 1914, Acts 1911 p. 437, that procedure is not exclusive, unless made so by contract, and he may recover against the contractor and his bondsmen, though his claim was not filed as provided by the statute. p. 453.

3. JUDGMENT.—*Motion to Modify.—Filing at Subsequent Term.*—A motion to modify a judgment filed at a term subsequent to the rendition thereof and seeking to make a material change in the judgment must be overruled. p. 455.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by the State of Indiana, on the relation of the A. and C. Stone and Lime Company, against the Illinois Surety Company and another. From a judgment for relator, the defendant named appeals. *Affirmed.*

*Sheridan & Gruber,* for appellant.

*John W. Strawn, William Robison* and *Earl B. Stroup,* for appellees.

The A. & C. Stone & Lime Company instituted this action against the Illinois Surety Company and George B. Lynch on a bond payable to the State of Indiana. It appears that George B. Lynch filed with the board of commissioners of Clinton county his proposals for the improvement of two highways, known respectively as the Lincoln Johns road and the George Pendry road. With his said proposals he filed a bond in the sum of $18,000, executed by himself as principal and appellant as surety. The bond was filed pursuant to §7723 Burns 1914, Acts 1905 p. 521, §74, and contains the following condition:

> "Now, therefore, if the said Board of Commissioners shall award him the contract for said work, and the said George B. Lynch shall promptly enter into a contract with said Board of Commissioners for said work so awarded to him and shall well and faithfully do and perform the same in all respects according to the plans and specifications adopted by the Board of Commissioners, and according to the time, terms and conditions specified in said contract to be entered into, and shall properly pay all debts incurred by him in the prosecution of said work, including labor, materials furnished, and for boarding the laborers, thereon, then this obligation shall be void; otherwise to remain in full force, virtue and effect."

On November 9, 1911, both proposals filed by Lynch were accepted, and he entered into a contract with the board of commissioners for the improvement of the two roads.

It is averred in the complaint: "That on April 5,

1912, George B. Lynch, by and in the name and style of G. B. Lynch & Sons, entered into a written contract with this relator, * * * whereby this relator agreed to furnish to the said G. B. Lynch & Sons, for use on said two highways, crushed stone at prices set forth in said written contract. * * * and relator avers that the stone furnished by the relator was furnished to George B. Lynch, and that the said stone so furnished was used by the said George B. Lynch in the construction of said two highways. That the relator furnished to said George B. Lynch for use in said two highways stone to the amount of $4,592.88; that all of said amount has been paid by said George B. Lynch, except the sum of $945.81, which balance he has neglected and refused to pay, and that said balance is long past due.''

Trial by the court resulted in a general finding for appellee in the sum of $945.81. Judgment against George B. Lynch and Illinois Surety Company, jointly and severally.

The errors assigned are (1) the overruling of the separate motion of the Illinois Surety Company for a new trial; and (2) the overruling of the separate motion of the Illinois Surety Company to modify the judgment.

Dausman, C. J.—Under the first assignment, appellant makes the following contentions:

(1) That the evidence wholly fails to show that the contract for the stone, which was signed ''G. B. Lynch & Sons,'' was in reality the contract of George B. Lynch individually.

As to this point, the trial court evidently regarded substance rather than shadow; and the evidence tends fairly to sustain the averment of the complaint.

(2) That the evidence wholly fails to show that the stone was sold for, and used in, the construction of the Johns and Pendry roads.

In that statement appellant is in error. The contract between the relator and Lynch provides that the stone should be shipped to Colfax for use in the Johns and Pendry roads. It was shipped to that point. If it was not used in said roads, Lynch was in a position to have shown that fact; for, if a fact, it was peculiarly within his knowledge. He testified at the trial, but did not contend that any part of the relator's claim was for stone not used in said roads. Neither did appellant furnish any evidence to that effect. From the testimony of Mr. Lynch alone, the trial court would have been justified in finding that the balance due on relator's account is for stone used in said roads. The testimonies of Mr. Myers and Mr. Taylor are to the same effect. Indeed this feature seems not to have been contested at the trial. *Fry* v. *P. Bannon Sewer Pipe Co.* (1913), 179 Ind. 309, 110 N. E. 10.

(3) That the relator having failed to file its claim with the board of commissioners of Clinton county within thirty days after furnishing the stone, there can be no recovery on the bond.

Appellant rests this contention on the act of March 4, 1911, §§5901a, 5901b Burns 1914, Acts 1911 p. 437. The contract for the construction of the two roads contains the provision directed by the latter section of said act. By virtue of said act and contract, the relator might have secured its claim by filing it with the board of commissioners, in accordance with the statute. But that procedure is not exclusive, and the failure to adopt that method

certainly did not preclude the relator from obtaining judgment against Lynch. But appellant insists that, because of that failure, there can be no recovery against the surety in the bond. There is nothing in the statute, nor in the contract for the performance of which the bond was given, which made it obligatory on the relator to file its claim with the board of commissioners, either for its own benefit, or for the protection of the surety in the bond. Since the procedure provided by the statute is a mere privilege, of which the relator might have availed itself at its option, appellant cannot escape liability merely because the relator did not intercept the contractor's pay and apply it on the claim.

Under the second assignment, appellant contends that, on March 4, 1913, "Lynch & Sons" remitted to the relator by draft $450, which relator applied on its account for stone furnished George B. Lynch for another road which he was constructing, known as the Cherry Grove road; that on May 6, 1913, "Lynch & Sons" remitted by check $600, of which $194.12 was applied in payment of the balance due on the Cherry Grove road, and $405.88 on the account for stone used in the Johns road; and that appellant is entitled to have the full amount of these remittances applied on the account which is the basis of this action. In support of this contention, two reasons are given: (1) That the remittances were made by "Lynch & Sons," and therefore should have been applied on the account of "Lynch & Sons"; and (2) that the remittances represented money received by Lynch from Clinton county on his contract for the construction of the Johns and Pendry roads, and therefore should

have been applied in payment for the stone used in said roads.

It would have been proper to have presented this feature under the first assignment. The matter was contested at the trial under appellant's plea of 3. payment, and we assume that it was urged in the trial court on the motion for a new trial under the specification that the amount of the recovery is too large. The motion to modify the judgment was filed at a term subsequent to the rendition thereof, and sought to make a material change therein. For these reasons alone, it was properly overruled. *Pursley* v. *Wickle* (1891), 4 Ind. App. 382, 30 N. E. 1115; *Johnson* v. *Foreman* (1900), 24 Ind. App. 93, 56 N. E. 254; *Warrick* v. *Spry* (1912), 49 Ind. App. 327, 97 N. E. 361. However, there is an abundance of evidence to sustain the amount stated in the finding, and, of course, the judgment must follow the finding.

Judgment affirmed.