ALBANY,
August, 1815.

VAN VALKEN-
BURGH
v.
ROUK.

</div>

---

### VAN VALKENBURGH *against* ROUK.

THIS was an action of debt on a bill obligatory, or sealed note, and was tried before Mr. Justice *Yates*, at the *Orange* circuit, in *August*, 1814.

The defendant pleaded *non est factum*, and at the trial entered into evidence to show that the note had been fraudulently obtained, by substituting in the place of the note which the

*Under the plea of non est factum, the defendant may give evidence of fraud in the manner of obtaining the instrument on which the plaintiff declares.*

ALBANY,
August, 1815.

VAN VALKEN-
BURGH
v.
ROUK.

defendant intended to execute, one for a much larger amount. To this testimony the counsel for the plaintiff objected, that it was inadmissible under the plea, but the judge overruled the objection.

It is unnecessary to state the testimony, as it is unnoticed in the opinion of the court. It appears from the case to have been of a very vague and indefinite nature, consisting principally of loose conversations with the plaintiff, and none of it looking directly towards the species of fraud intended to be proved. It was proved on the part of the plaintiff, that the defendant could read writing, and wrote a good hand.

The jury found a verdict for the defendant. The plaintiff moved to set aside the verdict, and for a new trial: 1. Because improper testimony was admitted. 2. Because proper testimony, offered by the plaintiff, was overruled by the judge. 3. Because the verdict was against evidence.

Ross, for the plaintiff.

Fisk, contra. He cited 2 Chitty, 479. 3 Term Rep. 438.

SPENCER, J. delivered the opinion of the court. The evidence in this case looks towards a substitution of an instrument of a larger amount, for the one the defendant supposed he was executing. Had it been made out satisfactorily that there had been a note drawn for a smaller amount, that the defendant was defrauded into executing the note in question, by its substitution at the moment of execution, I cannot perceive any objection to the admission of such proof; and if made out, I think it would avoid the instrument upon the issue of non est factum. Chitty lays it down, that the defendant, on non est factum, may give in evidence that the deed was void at common law, ab initio; as that it was obtained by fraud, &c. (Chitty, Pl. 479.) The fraud he refers to, must have been a fraud relating to the execution of the deed, for the issue involves only the execution of the instrument. In the case of an infant, he must plead infancy, and cannot give it in evidence on non est factum, because the deed is his, though he is not bound by it. A feme covert, having no capacity to contract, is not bound to plead coverture. If a deed be mis-read, or mis-expounded, to an unlettered man, this may be shown on non est factum,

because he has never assented to the contract: So, if a man be imposed upon, and signs one paper while he believes he is signing another, he cannot be said to have assented, and may show this on *non est factum.*

I will not pretend to say that there is not a great deal of technicality in the application of the rule, as to the cases in which you may give evidence impeaching the execution of the instrument, under the plea of *non est factum,* and those in which you may not. In the present case, the defendant was not unlettered, and there is not sufficient proof to warrant the verdict, that there was a substitution of one instrument for another. There must be a new trial.

New trial granted,