Hansher v. Hanshew et al.

Filed March 14, 1884.

———————

No. 10,194.

HANSHER v. HANSHEW ET AL.

PRACTICE.—*Motion in Arrest.*—*When Made.*—A motion in arrest must be made *before* the rendition of judgment; otherwise it comes too late to present any question.

SAME.—*Motion by Plaintiff.*—*Sufficiency of Complaint.*—A motion in arrest of judgment calls in question the sufficiency of the complaint, after verdict; and where the only issue for trial was formed by a general denial of the complaint, and the finding or verdict was for the defendant, the plaintiff's motion in arrest of judgment will present no question for decision.

SAME.—*Record.*—*Bill of Exceptions.*—*Supreme Court.*—Under the civil code of 1852, where time was given beyond the term in which to file a bill of exceptions, unless the record affirmatively showed such filing within the time given, the bill could not be considered a part of the record by the Supreme Court.

From the Tipton Circuit Court.

*J. Jones,* for appellant.

*R. B. Beauchamp* and *G. H. Gifford,* for appellees.

HOWK, C. J.—This was a suit by the appellant, Hansher, against the appellees Hanshew and Daugherty, upon a complaint and supplemental complaint. The issues joined in the cause by the appellees' joint answer by a general denial were tried by a jury, and a verdict was returned for the appellees, and judgment was rendered accordingly.

In this court the first error assigned by the appellant is the overruling of his motion in arrest of judgment. The record shows that this motion was not made by the appellant until after the trial court had rendered its judgment. The motion, therefore, came too late, and no question is thereby presented for the decision of this court. Buskirk Pr., p. 264, *et seq.; Smith* v. *Dodds,* 35 Ind. 452; *Brownlee* v. *Hare,* 64 Ind. 311.

The only other error assigned by the appellant is the overruling of his motion for a new trial. In this motion the only causes assigned for a new trial were, that the verdict of the jury was contrary to law and was not sustained by sufficient evidence. Manifestly, these causes for a new trial can not be considered, and will present no question for our decision, if it be true, as appellees' counsel claim, that the bill of exceptions containing the evidence is not a part of the record. It is shown by the transcript that on May 20th, 1881, sixty days were given the plaintiff in which to file his bill of exceptions, and that such bill was not filed until the 24th day of July, 1881, or until five days after the expiration of the time given. These proceedings were had while the civil code of 1852 was still in full force. Under that code, it was settled by the decisions of this court, that where time was given extending beyond the term, in which to prepare and file a bill of exceptions, the record must affirmatively show that the bill was not only signed but filed within the time limited, or

it will not constitute a part of the record. Buskirk Pr., p. 144; *Toledo, etc., R. W. Co.* v. *Howes,* 68 Ind. 458; *Dunn* v. *Hubble,* 81 Ind. 489.

In the case at bar, it must be held, therefore, that the bill of exceptions is not a part of the record.

The judgment is affirmed, with costs.

Filed Nov. 24, 1883.

### ON PETITION FOR A REHEARING.

HOWK, C. J.—The appellant asks a rehearing of this cause upon the ground that we erred in holding that the motion in arrest of judgment, having been made after the rendition of judgment, came too late, and therefore presented no question for our decision. It is claimed that we mistook the record on this point, but in this we think appellant is mistaken. If, however, we were in error, it is certain that a rehearing would be of no service to the appellant. A motion in arrest calls in question the sufficiency of the complaint after verdict. In this case the appellant was the plaintiff below, and if we were to hold his complaint bad that would only be another reason for affirming the judgment. But where, as in this case, the only issue for trial is formed by an answer in general denial of the complaint, and the finding or verdict is for the defendant, the plaintiff's motion in arrest, even if made at the proper time, will present no question for the decision either of the circuit court or of this court.

We have shown conclusively, in the principal opinion, that the bill of exceptions was not filed within the time given by the court beyond the term, and was therefore no part of the record.

The petition for a rehearing is overruled, with costs.

Filed March 15, 1884.