In the Matter of the Final Settlement of the Estate of Kahn & McNeel, S. Kahn, Adm'r, Respondent, v. James B. Johnson, Adm'r. of the Estate of McNeel, Appellant.

Kansas City Court of Appeals, June 15, 1885.

1. Administration—Surviving Partner.—A surviving partner had, at common law, the right to settle the partnership affairs. This

right has, in no way, been taken away by anything in our statutes concerning administration, though these statutes do impose upon the surviving partner requirements of certain acts to be done, and duties to be performed which were not required at common law. *Bredow v. Savings Institution*, 28 Mo. 183; *Denny v. Turner*, 2 Mo. App. 57.

2. ——— ALLOWANCE OF CLAIM TO SURVIVING PARTNER.—Section 207, Revised Statutes has no application to administration by a surviving partner of a partnership estate—such administration is governed exclusively by *section* 65 of said statutes. He is not required to exhibit his claim against the partnership (as is required in case of demands against an individual estate), nor is he affected by the special limitation as to time, but the court may allow it in his settlement, if it be just. This is not binding on the individual estate of deceased partner, and even in the partnership estate the allowance is subject to all other claims.

APPEAL from Vernon Circuit Court, HON. JAS. B. GANTT, J.

*Affirmed.*

Statement of case by the court.

In the final settlement of the estate of Kahn & McNeel, of which S. Kahn, surviving partner of said partnership was administrator, the probate court of Vernon county allowed the said S. Kahn, as a credit, the sum of $2,232.81, which the books of the partnership showed S. Kahn had paid into the firm in excess of one-half of the capital of said firm, and, as such excess, was due from McNeel to Kahn at the time of McNeel's death. This claim was never proved against the partnership estate otherwise than in the making of the final settlement thereof in the probate court; and this occurred more than two years after the grant of administration on said estate. Johnson was present at the making of the final settlement in the probate court, and as administrator of the estate of the deceased partner, McNeel, excepted to the allowance of said item as a credit to S. Kahn. From the allowance of said item in such settlement, Johnson as such administrator, appealed to the circuit court. In that court the action of the probate court was affirmed, and Johnson, as

·administrator, has appealed from the judgment of the circuit court to this court.

J. B. Johnson, *per se*, for the appellant.

I.   The surviving partner, administerting a partnership estate, stands in the same relation to the estate as any other administrator, and as to any claim he may have against the estate, an administrator *pro tem.* should be appointed and the same proceedings had as in ordinary administration. Sects. 207 and 68, Rev. Stat. Mo. (1879) ; 42 Mo. 272 ; *In re* Partnership, etc., 42 Mo. 278 ; *State ex rel v. Rheinhart*, 31 Mo. 299.

II.   Every reason for appointing administrator *pro tem.* in ordinary cases, applies with greater force in case of surviving partner administering.  If another person administers upon the partnership estate he (the surviving partner) would have to proceed like any other creditor to exhibit and probate his claim ; besides the allowance is practically against the individual estate in case the partnership estate proves insolvent.

III.   A person cannot stand in a double relation, as the plaintiff and defendant in same suit.  *Miller's Adm'r v. Billingmain*, 26 Mo. 483, and 31 Mo. cited above. The claim does not arise or grow out of the administration of the partnership estate, but existed before the death of the former partner.

IV.   Such claims should not be *delayed* any more than others.  If the administration should be kept open for fifteen years, such claims could be brought in a one-sided manner by the administrator on *his theory*.  Surely this is not law.

No brief appears on file for the respondent.

Opinion by Hall, J.

The single ground urged by appellant for the reversal of the judgment of the circuit court is, that S. Kahn, administrator of the estate of Kahn & McNeel, as surviving partner of that firm, stood in the same relation to the estate that any other person as administrator would have

stood ; and that, in order for him to have had allowed against the estate any claim in his favor, an administrator *pro tem.* should have been appointed, and the same proceedings should have been had that would have been had in an ordinary administration. The questions thus presented are the only questions which we shall consider.

A surviving partner had, at common law, the right to settle the partnership affairs. The common law right has in no way been taken away, by anything in our statutes concerning administration, though those statutes do impose upon the surviving partner certain acts to be done and duties to be performed, which were not required at common law. *Bredow v. Savings' Institution*, 28 Mo. 183; *Denny v. Turner*, 2 Mo. App. Rep. 57. At common law the objection here made by appellant had no foundation. Have our statutes furnished any ground for it ?

To support his objection appellant relies upon sections 68 and 207 of the Revised Statutes.

Section 207 provides that, "Any executor or administrator may establish a demand against his testator or intestate, by proceeding against his co-executor or co-administrator in the manner prescribed for other persons. But if there be no co-executor or co-administrator, he shall file his claim and other papers, and the court shall appoint some suitable person to appear and manage the defence." Section 68 provides that, "The administration upon partnership effects, whether by the surviving partner, or executor or administrator of the deceased partner, shall, in all respects, conform to administrations in ordinary cases, except as otherwise herein provided. * * * *" But it is provided in section 65 of the Revised Statutes that, "In all cases where the surviving partner administers upon the partnership effects, he shall have power to pay off demands against the partnership, without requiring the same to be exhibited for allowance to the court, and such court shall allow such partner, in his settlements, as credits, all demands which he may thus discharge, if it shall be satisfied with the justness of the demands. * * * *" It is clear, that under these statutes, had the partnership

consisted of three persons, and upon the death of McNeel, the other surviving partner and S. Kahn had entered upon the administration of the partnership estate, as the surviving partner, Kahn's co-administrator could have paid Kahn's claim against the firm without it having been first exhibited to the court for allowance, *provided always* that section 207 has any reference or application to the administration upon a partnership estate by the surviving partners. Because, without creditors of the estate generally exhibiting their claims to the court for allowance, the surviving partners, administering, could pay the claims (said section 65 and *Denny v. Turner*, 2 Mo. App. 55), and section 207 permits the administrator to establish, against his co-administrator, his demand "in the manner prescribed for other persons," establishing their demands against both the administrator and his co-administrator. These statutes would thus result in what the legislature manifestly never intended. One result would be that the claim of the surviving partner would be upon an equality with the claims of strangers against the partnership, which would, in case of insolvency of the partnership estate, make it necessary for the surviving partner to return to the other creditors the amount of his claim or so much thereof as might be necessary to complete the payment of those claims not paid in full. In fact, as in the administration of a partnership estate by the surviving partners, they may exhaust the funds of the estate in the payment of certain claims to the exclusion of all other claims against the estate (*Crow v. Weidner*, 36 Mo. 412) ; the surviving partner might, alone of all claimants, receive payment of his claim, but which, however, the other claimants could compel him to repay to them. This, as a matter of course, the legislature never intended to accomplish, and no such construction can be placed upon these statutes by us.

Another result would be to give to the co-administrator exclusive power of administration as to a certain part of the estate. He would keep his own separate accounts. He alone would make certain payments. He alone would be entitled to certain credits. As to one

part of the estate, the partner, with a claim, and his surviving partner would be co-administrators of the estate, together having absolute power as such administrators; as to another part of the estate, the surviving partner, without a claim, would alone be the sole administrator of the estate, possessing the power of such administrator Such was clearly not the object of the legislature.

The legislature simply intended the co-administrator, if such there was, to do that and only that, which the administrator *pro tem.*, appointed by the probate court, should do, if there was no co-administrator. The administrator *pro tem.* the court should appoint "to appear and manage the defence;" not to manage the estate, except as to the mere defence against the claim in court, not to pay the claim. The power and duty of the co-administrator and the administrator *pro tem.* are the same, identically the same; and clearly have no existence except in the ordinary administration of estates.

The allowance of the claim as a credit in favor of S. Kahn bound only the partnership estate, and was in no manner binding upon the individual estate of McNeel. *Burton v. Rutherford, admr., etc.*, 49 Mo. 258. The allowance of the claim against even the partnership estate could not in fact be made except subject to all the other claims against said estate. We are of the opinion that the claim was presented and allowed against the estate in a proper manner. In this case, after all other claims against the estate of the partnership had been satisfied, the probate court allowed the surviving partner that which was due him as shown by the books of the firm. In so doing the probate court committed no error.

Section 207 has no application to administration by a surviving partner of a partnership estate; such administration is governed exclusively by section 65.

The judgment of the circuit court is affirmed.