The Beck & Pauli Lithographing Co. v. Obert.

The Beck & Pauli Lithographing Company, Appellant, v. Louis Obert, Respondent.

St. Louis Court of Appeals, November 9, 1892; Motion for Rehearing Overruled May 9, 1893.

1. **Fraud in Procurement of Contract:** DEFENSE IN ACTION AT LAW. A person whose knowledge of the English language was limited, and who was ignorant of the meaning of the term "5 M.," was induced to contract for 5 M. lithographed cards under the representation by the agent of the other contracting party, that 5 M. ment five hundred. *Held*, that the misrepresentation could be shown as a defense to an action at law upon the contract.

3. ————: PLEADING: VERIFICATION OF DENIAL OF EXECUTION OF CONTRACT. Such defense must, under the requirements of section 2186 of the Revised Statutes, be verified by affidavit.

3. **Practice, Appellate:** FAILURE TO OBJECT IN TRIAL COURT. An objection to the sufficiency of such defense, on the ground that the answer whereby it is made was not verified by affidavit, cannot be raised for the first time in this court.

4. **Instruction:** ASSUMPTION OF FACTS. Instructions assuming contested facts essential to the right of recovery are properly refused.

*Appeal from the St. Louis City Circuit Court.*—HON. Daniel Dillon, Judge.

Affirmed.

*J. Hugo Grimm,* for appellant.

(1) Inasmuch as the answer does not show defendant was free from fault in signing the contract, it did not state any defense. *Clodfelter v. Hulett,* 72 Ind. 138. The answer did, however, show that the representation complained of was not calculated to impose upon a man of ordinary prudence, and that defendant did not use ordinary prudence to inform himself as to the meaning of the term in question. There existed no relation of trust or confidence between defendant and plaintiff's

agent. They were strangers dealing with each other at arm's length. Courts will not aid those who neglect the means of protection within their easy reach. *Railroad v. Cleary*, 77 Mo. 634; *Bell v. Byerson*, 11 Iowa, 233; *Dunn v. White*, 63 Mo. 186; *Robinson v. Glass*, 94 Ind. 212; 2 Parsons on Contracts [7 Ed.] * p. 774; *Moore v. Turbeville*, 2 Bibb, 602; *Saunders v. Hatterman*, 2 Ired. 32; *Bowers v. Thomas*, 62 Wis. 480; *Union Nat. Bank v. Hunt*, 7 Mo. App. 42; *Langdon v. Green*, 49 Mo. 364; *Hawkins v. Hawkins*, 50 Cal. 558; Cooley on Torts [2 Ed.] pp. 570. (2) The answer did not deny under oath the making of the contract; hence its execution was admitted. The defense *non est factum* was not sufficiently pleaded, and could not be made. *Smith Co. v. Rembaugh*, 21 Mo. App. 390–1; *Rothschild v. Frensdorf*, 21 Mo. App. 321; *Corrigan v. Brady*, 38 Mo. App. 649–656; *Merrill v. Trust Co.*, 46 Mo. App. 236–42.

*Rassieur & Schnurmacher*, for respondent.

(1) "As between original parties, if one has procured the signature of the other to a written instrument, whether by fraud or not, which does not contain the contract made by the parties but a different one, he cannot be permitted to avail himself of the writing, but must stand by the real contract." *Wright v. McPike*, 70 Mo. 175; *Cole Bros. v. Widmaier*, 19 Mo. App. 7. (2) Abbreviations in a writing may be explained by parol evidence. *First Nat. Bank v. Fricke*, 75 Mo. 178; *Heideman v. Wolfstein*, 12 Mo. App. 366. (3) The objection that the answer was not verified was not made in the trial court, but is advanced for the first time in this court. It will therefore not avail the appellant. Revised Statutes, 1889, sec. 2302; *Haniford v. Kansas City*, 103 Mo. 172; *McDonald v. Cash*, 45

Mo. App. 66. Section 2186, under which it is claimed the answer should have been verified, applies only to cases in which the "petition or other pleading shall be founded upon any instrument in writing." The petition in the case at bar did not come within the purview of this requirement for verification, because the writing sued upon was signed by both parties. Section 2088 of the Revised Statutes is a corollary to section 2186; the first clauses of both are almost identical. Yet section 2088 does not apply to a contract signed by both parties to it. *Campbell v. Wolff*, 36 Mo. 459; *Bowling v. Hax*, 55 Mo. 446; *Railroad v. Atkison*, 17 Mo. App. 484. The action in this case is really in *assumpsit* for the price of five thousand cards.

Biggs, J.—The plaintiff sued the defendant for a violation of the following written contract:

"St. Louis, October 14, 1890.
*"Louis Obert, Esq., St. Louis.*

"Dear Sir: We will submit colored sketch to you of bock card on style of sketch shown you, furnishing you as soon as ready after February, 1, 1891, with 5 M cards lithographed in first class style at twenty-two cents apiece.

"Respectfully yours,
"The Beck & Pauli Lith. Co.,
"Hildebrand.
"Accepted.    Louis Obert."

Full performance of all the conditions of the contract on the part of plaintiff, and a refusal on the part of the defendant to receive and pay for the cards, were averred. Judgment was asked for the contract price of the cards, with interest on said amount from March 7, 1891.

The defendant's answer was as follows: "Now comes the defendant, and for answer to plaintiff's peti-

tion denies each and every allegation therein contained, except as hereinafter specifically admitted. And for a further and full and complete answer to plaintiff's petition defendant states that heretofore, to-wit, on or about the fourteenth day of October, 1890, the defendant was called upon by one of plaintiff's agents or solicitors, who offered to lithograph and furnish and deliver to defendant five hundred display cards for the price and sum of twenty-two cents each, and that defendant thereupon agreed with said agent or solicitor of plaintiff that he would receive from plaintiff five hundred such cards, and that he would pay therefor the sum of twenty-two cents for each and every one of said five hundred cards. That thereupon said agent or solicitor of the plaintiff wrote out what he asserted to defendant to be a memorandum of their said agreement, and requested this defendant to sign his name thereto in evidence of the said agreement so by them made. That defendant, not being entirely conversant with the English language in which the said memorandum was written, requested the said agent of plaintiff to read and explain the same to him, and that he particularly called the attention of said agent to the fact, when the said memorandum was read to him, that his agreement was to receive and pay for five hundred cards, whereas the said memorandum called for 5 M cards, and that he, this defendant, did not know the meaning of said expression, 5 M, and that thereupon plaintiff's said agent explained to this defendant that by the expression, 5 M, he, the said agent of plaintiff, meant five hundred, and that defendant, relying upon the said explanation and representation of plaintiff through its said agent as to the force and meaning of the said expression and term, did sign his name to said agreement, intending thereby to bind himself to the acceptance of five hundred show cards at the price and

sum of twenty-two cents each, and that plaintiff through its said agent and solicitor knew and so understood defendant's intentions at said time.

"And, further answering, defendant states that thereafter the plaintiff offered the defendant five thousand show cards, and demanded that he pay for that number, and that defendant, relying upon his said agreement to take five hundred show cards, refused to accept more than five hundred of said five thousand cards, but that plaintiff refused to deliver to him any less number than five thousand. Wherefore, having fully answered, defendant prays to be hence discharged."

The reply was a general denial of the new matter in the answer. With the issues thus framed the parties went to trial, which resulted in a verdict for the defendant. The plaintiff has appealed.

The plaintiff read the contract, and introduced other evidence tending to prove performance on its part of all matters not expressly admitted by the answer to have been performed. The defendant introduced evidence tending to prove that he agreed to buy only five hundred cards; that the plaintiff wrote the contract and represented to the defendant that "5 M" meant five hundred in the lithographing business; that the defendant is illiterate and has an imperfect knowledge of the English language; and that, having no knowledge himself of the true meaning of the form of expression used, and believing the representation to be true and that he was obligating himself to purchase only five hundred cards, he signed the contract.

The plaintiff objected to the whole evidence for the reason thus stated: That, if the contract failed to express the intention of the parties, the defendant's only remedy was to have it reformed or declared void; that the evidence tended to vary the written contract; that

the averments of the answer showed affirmatively gross neglect or carelessness by the defendant in reference to the alleged deception; and that the only fraud, which could be pleaded to avoid a written contract, was fraud in the execution of the instrument itself.

If the alleged statement made by the plaintiff's agent as to the meaning of the term "5 M" can, under the circumstances, be regarded in law as a fraudulent representation upon which the defendant had a right to rely, the admission of the evidence under the objections made was not error. With this exception, all other questions covered by the objections have been fully settled against the plaintiff's contention in the case of *Wright v. McPike*, 70 Mo. 175. It was there said: "As between the original parties, if one has procured the signature of the other to a written agreement, whether by fraud or not, which does not contain the contract made by the parties but a different one, he cannot be permitted to avail himself of that contract, but must stand by the one which was in fact entered into by both parties." The defendant's answer and evidence make such a case. We, therefore, conclude that, if the evidence was competent for the purpose for which it was offered, it could not have been properly rejected on any of the special grounds urged on the trial.

But it will be observed that the alleged fraud pertained to the execution of the contract, and not to its inducement. Hence the point is made for the first time in this court, that, as the answer was not sworn to, the execution of the contract was confessed, and that for this reason the evidence offered ought to have been rejected. If this specific objection had been made on the trial, and it had been disregarded by the court, we are of the opinion that the admission of the evidence

would have been error.    Section 2186 of the Revised
Statutes, 1889, reads:

"When any petition or other pleading shall be
founded upon any instrument in writing, charged to
have been executed by the other party and not alleged
therein to be lost or destroyed, the execution of such
instrument shall be adjudged confessed, unless the
party charged to have executed the same deny the exe-
cution thereof by answer or replication verified by
affidavit," etc.    Prior to 1868 this section provided
that such instrument "might be received in evidence
without further proof," unless its execution was denied
by answer or replication under oath.    Under the
statute as it then stood, if the answer was not sworn
to, any defense was available which tended to show
that the instrument sued on was void by reason of
fraud or duress in its execution.    But not so under
the present statute, as has been decided by this court
and also the Kansas City Court of Appeals.    *Roths-
child v. Frensdorf*, 21 Mo. App. 321; *Smith Middlings
Purifier Company v. Rembaugh*, 21 Mo. App. 390.    In
each of the above cases it was held that, unless such
an answer or replication was verified by affidavit, the
party attacking the instrument would be precluded
from introducing any proof tending to impeach the
execution of the instrument.    Now, in the present case,
the defendant's evidence did tend to impeach the exe-
cution of the contract, but the objection to the testi-
mony comes too late.    Section 2302, Revised Statutes,
1889, reads:    "No exceptions shall be taken in an
appeal or writ of error to any proceedings in the circuit
court except such as have been expressly decided by
such court."    This section has been held to apply to
all matters of exception, unless a jurisdictional fact be
presented.    *Haniford v. Kansas City*, 103 Mo. 172;
*McDonald v. Cash*, 45 Mo. App. 66.    The section

enacts a just rule, and this case makes it clear. If the objection that the answer was not verified had been made on the trial, the defect could have been easily remedied. Having failed to make the objection, the plaintiff must be held to have waived it.

We now come to the important question, and that is whether the defendant had the right to rely on the statement made by the plaintiff's agent as to the meaning of the term "5 M." It is not every false affirmation, either in regard to the inducement or the execution of a contract, that will afford a ground for its rescission or justify a defense for its breach. For instance, there can be no relief against a fraudulent representation as to the legal effect of a written instrument. *Smither v. Calvert*, 44 Ind. 242; *Clem v. Railroad*, 9 Ind. 488; *Starr v. Burnett*, 5 Hill, 303. Neither would a false statement by the vendor concerning the value of the article sold ordinarily afford the vendee grounds for relief. Such statements must be taken as the mere expression of opinion, and made by way of commendation, and it would be folly for a purchaser to rely on them. Now, in the present case, if instead of the term "5 M" the words five thousand had been written, or if the figures representing five thousand had been inserted, that would have been plain English; and, as the defendant admitted that he could read English and that he did read the paper· before signing it, he would not now be heard to say that plaintiff's agent represented to him that five thousand meant five hundred, and that he believed the representation to be true. If such a rule should be adopted, then written contracts would be worthless. If a proposition is made in plain English, it must be conclusively presumed that the party to whom it was made understood it. But we have a different case here. The plaintiff's agent wrote the contract, and instead of writing five

thousand or inserting the number in figures, he used the letter ''M,'' a symbol used in Roman notation and also in modern commerce to denote one thousand. The term as used would doubtless have been understood by the most of business men, or by persons possessing an ordinary English education. But the defendant, who is evidently a German, testified that his knowledge of the English language was limited, and that he read it with difficulty; that he did not know what ''5 M'' meant; that he asked the defendant's agent, and he told him that it meant five hundred. This was a fraud on the part of the agent, whether he knew the meaning of the term used or not, and we are of the opinion that these facts bring the case within the principle laid down by Judge SPENCER in *Van Valkenburgh v. Rouk*, 12 Johns. 337, to the effect that, ''if a deed be misread or misexpounded to an unlettered man, this may be shown on *non est factum*, because he has never assented to the contract.'' The contract was not misread but it was misconstrued to the defendant, which rendered it void as to him.

The instructions given by the court properly presented the law. Those asked by the plaintiff and refused by the court were properly refused for the reason, which is applicable to all of them, that they assume that the plaintiff was entitled to a verdict, unless the defendant made good his defense of fraud. The answer contained a general denial, which required affirmative proof of all averments not expressly admitted in the answer to be true. For instance, the contract required the plaintiff to submit to the defendant a colored sketch of the cards before they were printed. This was one of the conditions of the contract which the petition charged was performed, but the performance of which was denied by the answer. For the same

reason the court very properly overruled the plaintiff's motion for judgment notwithstanding the verdict.

There was no error in admitting the testimony of Kuhs under the circumstances surrounding this transaction.

Finding no errror in the record, the judgment of the circuit court will be affirmed. All the judges concur.