THE PHEONIX INSURANCE COMPANY, Appellant, v. A. S. OWENS, Respondent.

Kansas City Court of Appeals, October 30, 1899.

1. **Promissory Notes:** VARYING WRITTEN AGREEMENT BY PAROL EVIDENCE: DECEIT: INSTRUCTION. The rule that parol evidence can not be received to vary the terms of a written contract is not without exception; and where the payee in a promissory note by false representations as to the character of the paper secures the maker's signature, such fact may be shown, and an instruction set out in the opinion is approved.

2. ———: PRINCIPAL AND AGENT: AGENT'S DECEIT. The act of an agent of an insurance company in writing an application for insurance and making representations in respect thereto, is the act of the company, and the courts will not turn a deaf ear to his deceit.

Appeal from the Worth Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*Lingenfelter & Hudson* for appellants.

(1) The court erred in admitting irrelevant, illegal and incompetent evidence on the part of the defendant over the objections of plaintiff. Dircks v. Ins. Co., 34 Mo. App. 31; Ins. Co. v. Mowry, 96 U. S. 544; Greenwood v. Ins. Co., 27 Mo. App. 401; Evans v. Mfg. Co., 118 Mo. 548; Morgan v. Porter, 103 Mo. 135; State ex rel. v. Hoshaw, 98 Mo. 358. (2) It was the duty of A. S. Owens, defendant, to have informed himself of the contents of the application and note in the petition.

signed by him.    In such case evidence of a prior or contemporaneous agreement as to the terms of the insurance is inadmissible.    O'Bryan v. Kinney, 74 Mo. 125.    (3)  The court erred in giving instruction number 3 on the part of the defendant.    Ins. Co. v. Divilbiss, 67 Mo. App. 500; Ins. Co. v. Klink, 65 Mo. 78; Keim v. Ins. Co., 42 Mo. 38; Wcbb v. Ins. Co., 14 Mo. 3; Clark v. Condit, 11 Mo. 79.

*Kelso, Schooler & Kelso* for respondent.

.(1)    This note is founded in *mala fides* and an action can not be maintained on a note obtained by fraud.    Brown v. North, 21 Mo. 528; Bank v. Crandall, 87 Mo. 208; Comings v. Leedy, 114 Mo. 478; Kerr on Fraud and Mistake [Am. Ed.], pp. 111, 112, 113, 114 and 115.    (2)  "The principal can not take any benefit from fraudulent misrepresentations made by his agent, although ignorant and innocent of the fraud; and if a party dealing with an agent suffers from such fraud of the agent the principal, if he obtains and holds beneficial results of the transaction tainted by the fraudulent acts of the agent, is bound to make compensation for the injury so sustained."    Kelley's New Treatise    [Ed. of 1890], sec. 197  (bottom of page 192).

SMITH, P. J.—This is a suit that was brought before a justice of the peace on a promissory note and from the judgment in the circuit court, which was for defendant, plaintiff has appealed.

The undisputed evidence adduced at the trial tends to prove that Gilbert, a local agent of the plaintiff—an incorporated fire insurance company—solicited the defendant to take out a policy in plaintiff company for $800 on his farm residence, the premium thereon being twenty-four dollars, for a period of five years.    The defendant was an illiterate man. He could neither read nor write.    He could, however, write his name, and of this fact he informed plaintiff's agent.

Defendant further informed the plaintiff's agent that he had never given his note and did not desire to do so, then. Plaintiff's agent thereupon stated to the defendant that he would take his order for the policy if he would then pay five dollars in cash on account of the premium therein and that for the remainder thereof he could either pay in cash with ten per cent discount or execute his note on the delivery of the policy by him.

After the defendant had told plaintiff's agent that he had the cash to pay the premium and did not wish to execute his note therefor, the latter thereupon presented to the former a paper which "he fixed up" and directed him where to sign his name to the same. Defendant did not know that he was signing a promissory note. This paper turned out afterwards not to be an order but an application, with the note sued on attached. The plaintiff's agent never offered to deliver the policy to the defendant. It appears that the plaintiff wrote the policy and mailed it to the defendant, but the defendant never received it. It further appears that a short time after the defendant applied for the policy he sustained a small loss for which he thought the policy applied for afforded indemnity; that he gave the plaintiff's agent notice of the loss and thereupon the latter informed him that he would get the former's policy and lay in his claim for indemnity to the company. No notice was taken by plaintiff of defendant's loss.

The plaintiff objected to the introduction of this evidence on the ground that it tended to change the terms, amounts, etc., of the written contract. The rule is elementary that parol evidence can not be received to vary or change the terms of a written contract but this rule is not without exception. No one can be made a party to a contract without his consent. Although his signature may have been put to the writing by himself, yet if he did not know what he was signing but acted honestly under the belief that he was sign-

ing some other paper, and not the one he really signed, he ought not to be bound by such signature. As between the original parties, if one has procured the signature of the other to a written agreement, whether by fraud or not, which does not contain the contract made by them but a different one, he can not be permitted to avail himself of that contract but must stand by the one which in fact was entered into. Wright v. McPike, 70 Mo. 175; Lithograph Co. v. Obert, 54 Mo. App. 241. The evidence was, we think, competent and properly admitted.

The court by an instruction for defendant told the jury that if they believed from the evidence that Gilbert, while acting as agent for plaintiff, falsely and fraudulently represented to defendant that the note sued on was an order for an insurance policy and induced defendant to sign it as such; and if they further believed that the defendant was illiterate and could not read and write, they should find for defendant. This expression of the law was substantially correct.

In Nicol v. Young, 68 Mo. App. 448, it was said that, "where one of the parties to the contract is an illiterate person and the other misreads or misexpounds it, so that the former is induced thereby to sign it, believing it was that which was read and expounded to him by the latter, when it differs materially thereform, this is such a fraud upon the part of the latter as would render the contract void, for the plain reason that the former never assented to it. Lithograph Co. v. Obert, 54 Mo. App. 240; Van Valkenburg v. Rourk, 12 Johns. 337.

Courts will not turn a deaf ear to one of the contracting parties who seeks to get rid of a contract when the other party is charged with fraud in reading it to him or in stating its nature or terms, or in leaving out terms agreed upon— Hutchins v. Pettingill, 30 N. H. 30—or, inserting those not agreed upon. Aultman v. Olson, 30 Minn. 450. The act of Gilbert, the agent of the plaintiff, in writing the applica-

tion and making representations in respect to the same was that of the plaintiff, and by which it was bound. Cagle v. Ins. Co., 78 Mo. App. 431. It seems clear that under the undisputed evidence, and the rules of law applicable thereto, that the plaintiff was not entitled to recover on the note sued on and that the judgment was for the right party. As the undisputed evidence tends to prove that the execution of the said note was procured by fraud and under such circumstances as tend to prove that it was not the contract of the defendant, no recovery could be permitted thereon.

In this view of the case it becomes unnecessary to notice the other instructions given for defendant and against the correctness of which the plaintiff has lodged a number of objections. An examination of these, however, has not convinced us that the court committed any error, in the giving of the same, that was prejudicial to the plaintiff on the merits, and, accordingly, we shall order an affirmance of the judgment. All concur.